11-2161-ag
Weng v. Holder

BIA
Lamb, IJ
A099 670 041

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*

_____

XIANEN WENG,
　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　11-2161-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　　Peter Lobel, New York,
　　　　　　　　　　　　New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney
　　　　　　　　　　　　General; Linda S. Wernery, Assistant
　　　　　　　　　　　　Director; Gregory M. Kelch,

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xianen Weng, a native and citizen of China, seeks review of an April 29, 2011, order of the BIA, affirming an April 2, 2009, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xianen Weng*, No. A099 670 041 (B.I.A. Apr. 29, 2011), *aff'g* No. A099 670 041 (Immig. Ct. N.Y. City Apr. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293, 296 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the

2

circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Weng not credible, the agency reasonably relied on the omission of his detention and beating from his original asylum application. See 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Although Weng attempted to explain this omission by stating that he considered his own persecution trivial compared to that of his wife's and had only included what he thought was legally sufficient to secure asylum in his original application, the IJ was not required to credit his explanations as they would not necessarily be compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a

3

reasonable fact-finder to do so).  As the IJ explained, his detention and beating were "part of what he and his wife allegedly went through," and Weng "had ample opportunity to let this come out [during his prior testimony]."

Notwithstanding Weng's argument to the contrary, the IJ did not ignore his explanation that he failed to include his detention and beating in his original application because he thought his wife's persecution was sufficient to secure asylum.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (quotation omitted).  Nevertheless, the IJ explicitly stated Weng's explanation in her oral decision, and, as such, the record does not compellingly suggest that the IJ ignored Weng's full explanation for his omission, *see Xiao Ji Chen*, 471 F.3d at 337 n.17.

Weng's argument that the IJ erred in finding him not credible for failing to produce reasonably available corroborating evidence, without first complying with the

4

requirements of *Daillo v. INS*, 232 F.3d 279, 280 (2d Cir. 2000) and *Jin Shui Qui v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003), is misplaced. We have explained that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Here, the IJ based her adverse credibility determination on Weng's omission of his detention and beating from his original application and not on his failure to provide reasonably available corroborating evidence, as his argument would suggest. As a result, the IJ did not err by finding that Weng was unable to rehabilitate his credibility due to a lack of corroborative evidence.

In light of the agency's properly supported adverse credibility finding, it did not err in denying Weng's applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that the agency need not analyze separately a withholding of removal claim based on the same facts as an applicant's asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (same, with respect to CAT).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk